CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
JUL 23 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| VISTON SHYROCK MARTIN,<br>    Plaintiff, | Civil Action No. 7:10-cv-00262 |
| v. | **MEMORANDUM OPINION** |
| SGT. HATFIELD, et al.,<br>    Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Viston Shyrock Martin, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the warden of Keen Mountain Correctional Center ("KMCC"), two disciplinary hearing officers at KMCC, and a correctional officer who wrote an charge against plaintiff. This matter is presently before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice as frivolous.

I.

Plaintiff alleges that the defendants violated due process by charging him, finding him guilty, and affirming the institutional conviction and $5.00 fine for "refusing to strip search." (Compl. 3-4.) Plaintiff complains that the defendants did not serve him with the correct paperwork, did not permit him to call witnesses during the disciplinary hearing, and did not follow their own disciplinary policies and procedures. Plaintiff also alleges that the evidence was insufficient to sustain his institutional conviction. Plaintiff request declaratory relief that the defendants violated his constitutional rights, $25,000 in damages, and an injunction to prevent defendants from transferring him to other institutions while this suit is pending. Plaintiff does not allege that the disciplinary conviction has been invalidated in any way.

## II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, "civil tort actions are simply not appropriate vehicles for challenging the validity of outstanding criminal judgments." Harvey v. Horan, 278 F.3d 370, 374-75 (4th Cir. 2002) (internal quotation marks omitted). Permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." Id. at 375. Therefore, I must consider whether a judgment in favor of the plaintiff in this suit would necessarily imply the invalidity of his institutional conviction or sentence; if it

would, I must dismiss the complaint unless the plaintiff can demonstrate that the institutional conviction or sentence has already been favorably invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). See Edwards v. Balisok, 520 U.S. 641 (1997) (holding Heck applies to a suit for damages that alleged constitutional flaws in prison disciplinary procedures resulting in loss of liberty or property interest). Favorable invalidation occurs when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Id.

Success on plaintiff's claims clearly would imply the invalidity of his current confinement because he essentially argues legal innocence of the acts for which the defendants participated in his institutional conviction: if it were not for the defendants' acts depriving him of his constitutional rights, plaintiff would not have been convicted of the institutional infraction. Plaintiff can not prove favorable termination because he is still convicted and serving a sentence for the same convictions for which he seeks monetary relief.[1] See Stone-Bey v. Barnes, 120 F.3d 718, 721 (7th Cir. 1997) ("The 'conviction' in the prison disciplinary sense is the finding of guilt on the disciplinary charge, and if success on the Plaintiff's [§] 1983 claim necessarily would imply the invalidity of that finding, then Heck bars the claim until such time as its requirements are satisfied"). Therefore, plaintiff pursues a meritless legal theory to attack his institutional conviction via a civil rights action without establishing any favorable termination. Accordingly, I

---

[1] Plaintiff does not allege that habeas remedies are not available to him.

dismiss the complaint without prejudice as frivolous.[2] See Omar v. Chasanow, 318 F. App'x 188, 189 (4th Cir. 2009) (per curiam) (modifying district court's dismissal with prejudice under Heck to be dismissed without prejudice to allow plaintiff to refile if favorable termination occurs). See also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

III.

For the foregoing reasons, I dismiss the complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

---

[2] Inmates do not have a constitutional right to job opportunities while incarcerated. See, e.g., Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980). Because inmates have no independent constitutional right to a prison job, prison officials may generally terminate an inmate from his job for any reason without offending federal due process principles. Courts of Appeals consistently hold that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest. Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995). See, e.g., Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) (stating that assignment to job as law clerk does not invest inmate with a property interest in continuation as such); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (holding that prisoner's expectation of keeping prison job does not amount to a property interest subject to due process protection). Although plaintiff complains about losing his position as a kitchen worker, he claims an infringement of a legal interest which clearly does not exist.

Furthermore, plaintiff failed to adequately to articulate how the Equal Protection Clause is implicated, much less violated, by the defendants' alleged conduct. Plaintiff does not couple his equal protection claims, as he must, with facts which indicate that he and a comparator inmate were treated differently and were similarly situated and that the different treatment was the result of intentional discrimination. See Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 265 (1977); Refitt v. Nixon, 917 F. Supp. 409, 413 (E.D. Va. 1996) ("[I]n light of the myriad of factors involved in a parole decision, it is difficult to believe that two prisoners could ever be considered similarly situated for purposes of judicial review of an equal protection claim."). Additionally, prisoner litigants must generally demonstrate that any unequal treatment is not rationally related to a legitimate governmental purpose. See Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989) (finding no equal protection violation where inmates sentenced in D.C. courts and housed in federal prisons could not earn good time at as favorable a rate as inmates sentenced in D.C. courts and housed in D.C. prisons). See also Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993) (finding no equal protection violation where inmate with sentence to serve in state prison facility spent long period in local jail with less favorable conditions, specifically, overcrowding, inadequate exercise facilities, poor climatological conditions, and an inadequate library with restricted access). Even where similarly situated persons are treated differently, a state classification "that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for [it]." FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993). Moreover, inmates do not have a constitutional right to a transfer. See O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991). Inasmuch as plaintiff asked for injunctive relief while this matter was before me, the request is now moot.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This 23rd day of July, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge